GEORGE DOONER, complainant-respondent,

*v.*

CATHERINE BERTHA NEUDOERFFER and FRANK L. NEUDOERF-
FER, her husband, defendants-counter-claimants, appel-
lants, and WALTER B. STANLEY and J. ELMER HAUS-
MANN, third party defendants-respondents.

[Submitted October term, 1944. Decided February 2d, 1945.]

*Mr. Meyer Semel,* for the appellants.

*Mr. Thomas J. Holleran,* for the respondent, George
Dooner.

*Messrs. Hobart, Minard & Cooper* (*Mr. John J. Gaffey,*
of counsel), for the third party respondents, Walter B.
Stanley and J. Elmer Hausmann.

PER CURIAM.

George Dooner, respondent complainant, a duly licensed
real estate broker and operator of standing and experience of
the City of Newark, New Jersey, filed a bill of complaint

against Catherine Bertha Neudoerffer, and her husband, Frank L. Neudoerffer, owners of lands and premises more commonly designated as No. 60 Laventhal Avenue, in the Town of Irvington, New Jersey, to compel the specific performance of the written agreement which he had with them under date of May 19th, 1943, and which was originally signed by them in blank, by the terms of which the Neudoerffers agreed to sell and Dooner agreed to buy the said premises for the sum of $4,500.

Defendants answered denying the allegations of the bill of complaint save that Catherine Bertha Neudoerffer was seized in fee-simple of the lands and premises in issue. Additionally, defendants filed a counter-claim against the complainant, Dooner, the innocent purchaser, Walter B. Stanley, their licensed real estate broker who procured the complainant purchaser, and J. Elmer Hausmann, their attorney, charging, in substance, that the three conspired, schemed and concocted to sell the property to Dooner as the "dummy purchaser" for the alleged unconscionable price of $4,500 to the end of re-selling same, as it was allegedly re-sold by Dooner for $6,000, its asserted actual market value. Thus it is charged they defrauded the Neudoerffers of $1,500.

The learned Vice-Chancellor concluded that Stanley filled out the contract exactly as the Neudoerffers had expected him to do, that Dooner did not know or was not charged with knowing of any alleged secret instructions as to the price other than the price set down in the agreement, and that the contract was, under all the circumstances, a valid and binding contract for the performance of which the Neudoerffers were liable. He further concluded that there was not a scintilla of proof to support the counter-claim. Accordingly, he advised a decree, which was entered, decreeing specific performance of the agreement, dismissing the counter-claim and imposing counsel fees against the Neudoerffers together with costs of suit to be taxed. Hence this appeal.

We have carefully examined the proofs and the briefs for the respective parties and conclude that the challenged decree is correct.

The decree is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, THOMPSON, DILL, JJ. 12.

*For reversal*—None.